# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

INGRAM MICRO, INC.,

    Plaintiff,

vs.

MINDFUL ECYCLING LLC,

    Defendant.

Civil Action No. 1:17-CV-02549-CC

## OPINION AND ORDER

This matter is before the Court on Plaintiff /Counterclaim Defendant Ingram Micro, Inc.'s ("Ingram Micro") Motion for Summary Judgment [Doc. No. 45] and Ingram Micro's Motion for Anti-Suit Injunction [Doc. No. 53]. Both motions have been fully briefed, and the Court heard oral argument as to both motions on August 28, 2019. Having considered argument of counsel and all other matters of record, Ingram Micro's Motion for Summary Judgment and Motion for Anti-Suit Injunction are hereby DENIED.

This matter concerns a Purchase Order entered into by Ingram Micro's assignor, CloudBlue Technologies, Inc. ("CloudBlue"), and Defendant/Counterclaim Plaintiff Mindful eCycling LLC ("MeC") on December 23, 2013. In its Motion for Summary Judgment, Ingram Micro contends that there

is no genuine issue of material fact as to whether MeC breached the Purchase Order by failing to pay $200,000 plus additional sums to Ingram Micro. In response, MeC has presented evidence creating a genuine issue of material fact as to whether CloudBlue committed a prior material breach of the Purchase Order and also as to whether such a breach was material so as to excuse MeC's performance under the terms of the Purchase Order. These issues are properly submitted to a jury for determination.

With regard to the Motion for Anti-Suit Injunction, Ingram Micro has requested that this Court enter an order enjoining a state court lawsuit currently pending between MeC and Touchstone Wireless Repair and Logistics, LP ("Touchstone") and Ingram Micro in Marion County, Indiana (the "Indiana Action"). The Court finds that the Indiana Action is different from the present lawsuit in many respects. In particular, the Indiana Action concerns a January 23, 2014 Services Agreement between MeC and Touchstone, not the December 23, 2013 Purchase Order between MeC and CloudBlue. Although the allegations relating to the alleged fraudulent inducement by Ingram Micro are similar, there is no risk of inconsistent judgments between the two actions, as the disputes relate to different contracts between different corporate entities and subject to different state substantive law. Judge Michael Keele, the judge in the Indiana Action, closely

considered Indiana law and determined that Indiana law permitted that action to proceed. He reached that determination on December 8, 2017, prior to this Court's dismissal of the fraudulent inducement counterclaim in this action on September 28, 2018. Accordingly, this Court's ruling on the fraudulent inducement counterclaim does not have a preclusive effect over the fraudulent inducement claim currently pending in the Indiana Action. Accordingly, this Court declines to apply the relitigation exception to the Anti-Suit Injunction Act, 28 U.S.C. § 2283.

For the reasons set forth above, the Court **DENIES** Plaintiff/Counterclaim Defendant Ingram Micro, Inc.'s Motion for Summary Judgment [Doc. No. 45] and **DENIES** Ingram Micro's Motion for Anti-Suit Injunction [Doc. No. 53].

**SO ORDERED** this 17th day of September, 2019.

> *s/ CLARENCE COOPER*
> CLARENCE COOPER
> SENIOR UNITED STATES DISTRICT JUDGE